# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**CLAUGUS FAMILY FARM &**
**FORESTS, L.P.,** *et al.*,

| | |
|---|---|
| **Plaintiffs,** | **Case Number 2:24-cv-87** |
| | **Judge Edmund A. Sargus, Jr.** |
| **v.** | **Magistrate Judge Kimberly A. Jolson** |

**AMY M. ZWICK,** *et al.*,

**Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment (ECF No. 43) and Plaintiff's Motion for Leave to File a Sur-Reply (ECF No. 49). For the reasons stated below, the Court **REMANDS** the state-law claims to the Monroe County Court of Common Pleas, **STAYS** the federal takings question, and **DENIES WITHOUT PREJUDICE** both Motions.

## BACKGROUND

Plaintiff Claugus Family Farm & Forests, L.P. ("Claugus Farm"), on behalf of itself and the State of Ohio, sued the Monroe County Board of Commissioners; Commissioners Mick Schumacher, Bill Bolon, and Diane Burkhart; County Engineer Amy Zwick; and County Highway Supervisor Brian Kress (collectively, the "County") in the Monroe County Court of Common Pleas. (*See* ECF No. 1.) The suit is about a county road that abuts Claugus Farm's land. (*See* Am. Compl., ECF No. 27.) Claugus Farm alleges that the County has taken its property without just compensation in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 19 of the Ohio Constitution. (*Id.* ¶¶ 92, 106.) The County removed the case to federal court because Claugus Farm alleges a violation of federal rights. (ECF No. 1.) Claugus Farm did not move to remand the case to state court.

Claugus Farm's Amended Complaint contains eight claims: declaratory judgment under Ohio law; two writ-of-mandamus claims for takings under the Ohio and United States Constitutions; trespass; conversion; criminal damaging; negligence; and an injunction under Ohio law. (*See* Am. Compl.)

After conducting discovery, the County moved for summary judgment on Claugus Farm's claims. (ECF No. 43.) Claugus Farm responded in opposition (ECF No. 47) and the County replied in support (ECF No. 48). Claugus Farm filed a motion for leave to file a sur-reply (ECF No. 49), to which the County responded (ECF No. 51), and Claugus Farm subsequently replied (ECF No. 52).

In Ohio, the appropriate procedure for pursuing a takings claim is an action for writ of mandamus. The Ohio Supreme Court recently articulated the procedure:

> When the government has taken property without providing just compensation, a property owner may institute a mandamus action for inverse condemnation. . . . In an inverse-condemnation proceeding, the court in the mandamus action "acts as the trier of fact and law" and determines "whether the private property ha[s] been taken by the public authority." If the court determines that there has been a taking, it grants a writ of mandamus compelling the commencement of appropriation proceedings. The purpose of the appropriation proceedings is to determine the amount of compensation due. The court presiding over the appropriation proceedings determines "the extent of the taking." The amount of compensation is determined by a jury.

*State ex rel. Boggs v. City of Cleveland*, 273 N.E.3d 618, 626 (Ohio 2025) (internal citations omitted).

Accordingly, Claugus Farm seeks, among other forms of relief, two writs of mandamus ordering the Monroe County Board of Commissioners to commence appropriation proceedings for alleged takings under the Ohio and U.S. Constitutions. (Am. Compl., ¶¶ 92, 106.) Under Ohio law, "[m]andamus is a writ, *issued in the name of the state* to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially

enjoins as a duty resulting from an office, trust, or station." Ohio Rev. Code § 2731.01 (emphasis added). Thus, Claugus Farm is asking a federal court to issue a writ of mandamus, in the name of the State of Ohio, ordering an inferior state actor to initiate appropriation proceedings in state court. (Am. Compl., ¶¶ 92, 107.)

Because this type of action would implicate Ohio's sovereign authority, Claugus Farm argues that "prior to proceeding to the merits, this Court must first determine whether it should abstain from deciding the takings claim under the Ohio Constitution" and remand the case. (ECF No. 47, PageID 1223.) The County argues that this Court should decide the federal takings issue on the merits and then determine whether to exercise supplemental jurisdiction over the remaining state claims. (ECF No. 48, PageID 1316.)

**ANALYSIS**

Federal courts in Ohio have considered abstention in analogous cases involving takings claims under the Ohio Constitution. *See Vary v. City of Cleveland*, 206 F. Supp. 3d 1273 (N.D. Ohio 2016); *Riveredge Dentistry P'ship v. Cleveland*, No. 1:22-cv-1007, 2024 WL 639689 (N.D. Ohio Feb. 15, 2024). Specifically, those courts considered abstention under the *Thibodaux* and *Pullman* abstention doctrines, both of which are rooted in principles of federalism and federal-state comity. *Thibodaux* abstention asks whether a matter involves (1) uncertain questions of state law and (2) an important state interest that is intimately involved with the government's sovereign prerogative. *Vary*, 206 F. Supp. 3d at 1278–79 (citing *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25 (1959) and *Allegheny Cnty. v. Frank Mashuda Co.*, 360 U.S. 185 (1959)). *Pullman* abstention considers whether (1) the state law is unclear and (2) there is a likelihood that a clarification of state law would obviate the need to decide the federal question. *Riveredge*, 2024 WL 639689, at *28 (citing *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941)).

3

The complexity here is that Claugus Farm seeks two writs of mandamus based on alleged violations of both the Ohio Constitution and the U.S. Constitution. (Am. Compl., ¶¶ 92, 106.) As explained earlier, a writ of mandamus in Ohio is issued "in the name of the state" commanding a state entity to take an action. Ohio Rev. Code § 2731.01. Further, one of Claugus Farm's writ-of-mandamus claims is pled in the alternative to its state-law declaratory-judgment claim, meaning the Court must first decide the declaratory-judgment claim before reaching the writ-of-mandamus claim. (Am. Compl., ¶ 82.) The declaratory-judgment claim asks the Court to determine, among other matters, the width of the road at issue in this case. (*Id.* ¶ 79.)

Although federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given [to] them," *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976), abstention may be proper in certain delineated circumstances. Here, the *Thibodaux* and *Pullman* abstention doctrines counsel in favor of abstention. Given the structure of Claugus Farm's claims, the most appropriate course of action is to remand the state-law claims to the Monroe County Court of Common Pleas, retain jurisdiction over the federal takings issue, and stay the case pending resolution of the state-law claims.

The Court begins with *Thibodaux* abstention.[1] Ohio law is unclear regarding the nexus, and possible tension, between a county's statutory duty to maintain its roads and the circumstances under which a road improvement may constitute a taking. The Ohio Supreme Court has articulated that "[n]ot every invasion of private property resulting from government activity amounts to an appropriation." *State ex rel. Doner v. Zody*, 958 N.E.2d 1235, 1248 (Ohio

---

[1] Although *Thibodaux* abstention is typically applied in cases based on diversity jurisdiction, this Court sees no reason why "*Thibodaux* abstention could not equally apply in cases in which a federal court has supplemental jurisdiction over a state law claim." *Riveredge*, 2024 WL 639689 at *30.

2011) (citation omitted). "A taking only results when the government intends to invade a protected property interest or the asserted invasion is the direct, natural, or probable result of an authorized activity" *Id.* Further, "the nature and magnitude of the government action must be considered," which "requires an analysis of whether respondents' interference with [plaintiffs'] property rights was substantial and frequent enough to rise to the level of a taking." *Id.* at 1248, 1251. How this standard applies when the alleged taking is a result of the county's statutory duty to maintain its roads is an unclear legal question in which "[i]nformed local courts may find meaning not discernible to the outsider." *Thibodaux*, 360 U.S. at 30.

Further, and "[m]ost importantly, issuing a writ in the name of the State of Ohio that orders a municipal actor to institute state proceedings is intimately involved with the state's sovereign prerogative." *Vary*, 206 F. Supp. at 1279. The nature of the relief sought would require this Court to decide unclear issues of state law, then to command a state entity to act by invoking the State's authority. But the allocation and exercise of eminent domain powers—particularly the determination of whether a state entity must initiate appropriation proceedings—directly implicates the "apportionment of governmental powers between" county and state and therefore counsels in favor of abstention. *Thibodaux*, 360 U.S. at 28.

Additionally, *Pullman* abstention further supports this conclusion. As discussed above, unclear issues of law exist regarding the nexus between a county's statutory duty to maintain its roads and any alleged taking resulting from that maintenance. Further, since Claugus Farm's writ-of-mandamus claims rely on both the Ohio and U.S. Constitutions, the resolution of the claims under the Ohio Constitution may obviate the need to resolve the claims under the U.S. Constitution. *Pullman*, 312 U.S. at 500–01; *see also Mashuda*, 360 U.S. 185, 189 (1959) ("This Court has sanctioned a federal court's postponement of the exercise of its jurisdiction in cases

5

presenting a federal constitutional issue which might be mooted . . . by a state court determination of pertinent law.") (collecting cases). Accordingly, the most appropriate course of action is to allow the state court to resolve Claugus Farm's claims under Ohio law before considering the federal takings issue.

Ultimately, principles of federalism and federal-state comity favor abstention here given the unclear issues of state law and the nature of the relief sought, which is intimately involved with Ohio's sovereign prerogative. Moreover, resolution of the takings claims under the Ohio Constitution might obviate the need to resolve the claims under the U.S. Constitution.

## CONCLUSION

For the reasons stated above, the Clerk is **DIRECTED** to remand Plaintiff's state-law claims to the Monroe County Court of Common Pleas. The Court retains jurisdiction over Plaintiff's writ-of-mandamus claims under the U.S. Constitution.

Additionally, the case is **STAYED** and the trial date and corresponding deadlines in this case are **VACATED**. (ECF No. 50.) Defendants' Motion for Summary Judgment (ECF No. 43) and Plaintiff's Motion for Leave to File a Sur-Reply (ECF No. 49) are **DENIED WITHOUT PREJUDICE** and may be refiled after the resolution of Plaintiff's state-law claims in the Monroe County Court of Common Pleas. Defendants are **INSTRUCTED** to file a notice indicating the outcome of the state-law claims on this Court's docket within 30 days of the resolution of the case in the Monroe County Court of Common Pleas.

This case is stayed.

**IT IS SO ORDERED.**

 3/25/2026         s/Edmund A. Sargus, Jr.
**DATE**        **EDMUND A. SARGUS, JR.**
       **UNITED STATES DISTRICT JUDGE**

6